1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEVEN C. MARTINEZ, | ) | 1:09cv00899 LJO DLB |
| | ) | |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATIONS |
| | ) | REGARDING DEFENDANTS' MOTION TO |
| v. | ) | DISMISS CAUSE OF ACTION FOR |
| | ) | RETALIATION |
| DERRAL G. ADAMS, et al., | ) | (Document 48) |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

On August 27, 2010, Defendants Frances Garza, Emily Vargas, Catherine Nacar, Michael Van Natta and Mark Smith filed the present motion to dismiss Plaintiff Steven C. Martinez's cause of action for retaliation.  The motion was referred to this Court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.  Pursuant to Local Rule 230(g), the Court deemed the matter suitable for decision without oral argument and the matter was submitted on the record.

## BACKGROUND

Plaintiff Steven Martinez ("Plaintiff" or "Martinez") filed this civil rights action on May 21, 2009, against Defendants Derral G. Adams, William J. McGuinness, M.D., Frances Garza, Emily Vargas, Catherine Nacar, Michael Van Natta, Mike Smith, Cornelio Garcia and Paul Sena.[1]

---

[1] Plaintiff pursued virtually identical claims against these Defendants in *Martinez v. Adams, et al.*, Case No. 1:07cv0996 DLB.  In that action, the parties stipulated to dismiss certain claims and parties without prejudice.

1

1     On March 9, 2010, the Court dismissed with prejudice the claims against Defendants

2 Adams and McGuinness and severed and dismissed without prejudice the claims against

3 Defendants Cornelio Garcia and Paul Sena.[2]  The Court ordered the matter to proceed with

4 Plaintiff's claims against Defendants Garza, Vargas, Nacar, Van Natta and Smith ("nurse

5 defendants" or "Defendants").

6     On August 27, 2010, Defendants filed the instant motion to dismiss Plaintiff's fourth

7 cause action for retaliation based on a failure to exhaust administrative remedies.  Defendants

8 also filed a request for judicial notice.

9     On September 10, 2010, Plaintiff filed his opposition, arguing that he provided notice of

10 retaliation through the grievance process.

11     On September 16, 2010, Defendants filed a reply.  In their reply, Defendants concede that

12 Plaintiff has exhausted his retaliation claim against Nurse Garza.  Defendants therefore request

13 that the Court grant the motion to dismiss the retaliation claim as to the remaining nurse

14 defendants, Vargas, Nacar, Van Natta and Smith.

15 **I.    FACTUAL ALLEGATIONS IN THE COMPLAINT**

16     Plaintiff is incarcerated at California State Prison - Corcoran ("CSPC").  He is a

17 quadriplegic and an insulin dependent diabetic.  He generally alleges that he is a victim of abuse

18 and negligence.  Defendants Vargas, Nacar, Van Natta and Smith are nurses who have provided

19 services to Plaintiff during his incarceration.

20 **Individualized Allegations**[3]

21 *Nurse Vargas*

22     Plaintiff alleges that on November 7, 2007, Nurse Vargas made a death threat against him

23 as "retaliation for Plaintiff asserting his rights."  Plaintiff claims that Nurse Vargas further

24 retaliated by filing charges against him that resulted in disciplinary proceedings.  Complaint ¶ 94.

26     [2]Plaintiff has filed individual complaints against Defendants Garcia and Sena.

27     [3]In their reply, Defendants admit that Plaintiff exhausted his retaliation claim against Nurse Garza in appeal
28 06-4317.  As such, the allegations and individual grievances related to Nurse Garza are neither summarized nor addressed by the Court.

1

2          *Nurse Nacar*

3              Plaintiff asserts that on November 4, 2007, Nurse Nacar had control of Plaintiff's body

4    and simulated letting him fall.  During catheterization, Nurse Nacar allegedly broke the sterile

5    field, but continued to use contaminated equipment.  When Plaintiff objected, Nurse Nacar

6    allegedly jerked the catheter from Plaintiff's urethra.  Complaint ¶ ¶ 95-96.

7          *Nurse Van Natta*

8              Plaintiff alleges that Nurse Van Natta intentionally left Plaintiff in a position on his back

9    known to be painful and to cause him difficulty breathing.  Nurse Van Natta reportedly acted in

10   retaliation against Plaintiff for complaints about the care he was receiving.  Complaint ¶ 97.

11         *Nurse Smith*

12             Plaintiff claims that on November 17, 2007, Nurse Smith pushed him "back into his chair

13   by pushing on the front of his throat with the intent to cause harm."  Nurse Smith allegedly

14   "acted in retaliation against Plaintiff for his complaint over Smith twisting Plaintiff's head during

15   an attempt to reposition him."  Complaint ¶ 100.

16             Based on these and other general allegations as to all "Defendants," Plaintiff brings

17   causes of action for (1) violation of his Eighth Amendment "rights to be free from cruel and

18   unusual punishment in the form of Defendants' deliberate indifference to Plaintiff's personal

19   health and safety" under 42 U.S.C. § 1983; (2) abuse of dependent adult under California

20   Welfare & Institutions Code §§ 15600 *et seq.*; (3) medical negligence against unidentified health

21   care providers; (4) retaliation "to discourage or prevent Plaintiff from taking part in the lawful

22   exercise of his rights or benefitting therefrom;" and (5) intentional infliction of emotional

23   distress.

24             Plaintiff seeks damages, medical expenses, punitive damages and attorney fees.

25   **II.**    **Failure to Exhaust Administrative Remedies**

26             **A.**          **Legal Standard - Exhaustion**

27             Defendants argue that Plaintiff failed to exhaust his retaliation claim in compliance with

28   42 U.S.C. § 1997e(a), subjecting the claim to dismissal.  Section 1997e(a) of the Prison

1   Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect

2   to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined

3   in any jail, prison, or other correctional facility until such administrative remedies as are

4   available are exhausted."  Prisoners are required to exhaust the available administrative remedies

5   prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney

6   v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the

7   relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner,

8   532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner

9   suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

10      The California Department of Corrections and Rehabilitation has an administrative

11   grievance system for prisoner complaints.  Cal. Code Regs., tit. 15 § 3084.1 (West 2010).  The

12   process is initiated by submitting a CDCR Form 602.  Id. at § 3084.2(a).  Four levels of appeal

13   are involved, including the informal level, first formal level, second formal level, and third

14   formal level, also known as the "Director's Level."  Id. at § 3084.5.  Appeals must be submitted

15   within fifteen working days of the event being appealed, and the process is initiated by

16   submission of the appeal to the informal level, or in some circumstances, the first formal level.

17   Id. at §§ 3084.5, 3084.6(c).  In order to satisfy section 1997e(a), California state prisoners are

18   required to use this process to exhaust their claims prior to filing suit.  Woodford v. Ngo, 548

19   U.S. 81, 85-86, 126 S.Ct. 2378 (2006); McKinney, 311 F.3d at 1199-1201.

20      Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative

21   defense under which defendants have the burden of raising and proving the absence of

22   exhaustion.  Jones, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).

23   The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to

24   an unenumerated Rule 12(b) motion, rather than a summary judgment motion.  Wyatt, 315 F.3d

25   at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th

26   Cir. 1998) (per curium)).  In deciding a motion to dismiss for failure to exhaust administrative

27   remedies, the Court may look beyond the pleadings and decide disputed issues of fact.  Wyatt,

28   315 F.3d at 1119-20.  If the Court concludes that the prisoner has failed to exhaust administrative

4

1  remedies, the proper remedy is dismissal without prejudice.  Id.

2

3           **B.        Legal Standard - Retaliation**

4           As stated, Defendants seek to dismiss Plaintiff's cause of action for retaliation.  The

5  Ninth Circuit Court of Appeals has enumerated the elements for First Amendment retaliation in

6  the "prison context" as: "(1) An assertion that a state actor took some adverse action against an

7  inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the

8  inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a

9  legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-568 (9th Cir. 2005).  A

10  "plaintiff alleging retaliation for the exercise of constitutionally protected rights must initially

11  show that the protected conduct was a 'substantial' or 'motivating' factor in the defendant's

12  decision." Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310,1314 (9th Cir. 1989).

13  **III.    DISCUSSION**

14          Defendants argue that Plaintiff did not submit any administrative grievance for

15  retaliation, much less pursue any such grievance through the "third level of review," before filing

16  this action on May 21, 2009.  Prior to that date, Plaintiff reportedly had exhausted 33 appeals,

17  which included seven involving the named defendants.[4]  Of these seven appeals, Defendants

18  claim that none of them assert or give notice of a claim for retaliation.  Defendants characterize

19  these appeals as follows:

20          nurse Garza allowed him to remain in his feces (Ex. E 7, Appeal 06-4009) and
            abused him (Ex. E 9, Appeal 06-4317); nurse Vargas threatened him (Ex. E 17,
21          Appeal 07-5649); nurses Smith and Van Natta abused and neglected him on
            different occasions (Ex. E 19, Appeal 07-5647; Ex. E 21, Appeal 08-112); and
22          nurse Nacar pretended to let Plaintiff fall (Ex. E 23, Appeal 07-5519) and refused
            his request for an enema (Ex. E 25, Appeal 08-2440).[5]

23

24          Defendants conclude that because Plaintiff failed to exhaust the administrative appeals

25  _____

26          [4]Defendants ask the Court to take judicial notice of the seven appeals.  See Request for Judicial Notice.
    Plaintiff has not objected.  He also relies on these appeals in his opposition.

27          [5]Defendants report that Plaintiff submitted two other appeals against Smith and Van Natta that were not
    pursued to the final level of administrative review.  Defendants contend that these appeals do not give notice of a
28  retaliation claim.  Exhibits E 104 and E 105 to Request for Judicial Notice (Appeals 08-813 and 08-1054).

process, he may not pursue his retaliation claim against them in this action.  See Lira v. Herrera,
427 F.3d 1164, 1175 (9th Cir. 2005) (holding that the court may simply dismiss the unexhausted
claims and permit the action to proceed on only the exhausted claims if they are not intertwined).

In opposition, Plaintiff asserts that the appropriate legal standard is one for a Fed. R. Civ.
P. 12(b)(6) motion to dismiss.  Plaintiff discusses the liberal pleading requirements of Fed. R.
Civ. P. 8. and claims that Defendants rely on Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), and Bell
Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) in their moving papers.  Opposition, p. 2-3.
Plaintiff not only cites the incorrect legal standard, but there also is no mention of these cases in
Defendants' moving papers.  Indeed, Defendants are not seeking dismissal for failure to state a
claim pursuant to Fed. R. Civ. P. 12(b)(6).  Rather, Defendants properly are pursuing dismissal
for the failure to exhaust nonjudicial administrative remedies as an unenumerated Rule 12(b)
motion.  Wyatt, 315 F.3d at 1119.

Plaintiff also appears to take issue with the number of motions to dismiss that have been
filed by Defendants in this action and the prior action involving the same causes of action and
nurse defendants.  Although Plaintiff mentions "res judicata," he does so only in the context of
motions to dismiss in the prior action.  In other words, he makes no argument that any rulings in
the prior action are res judicata in this case.  Accordingly, the Court does not address this issue.

Plaintiff next argues that it is Defendants' burden to prove the absence of exhaustion.
Wyatt, 315 F.3d at 1119-20; Jones, 127 S.Ct. at 918-19.  Nonetheless, Plaintiff attempts to offer
proof that he provided notice of retaliation through the grievance process.  He asserts that he
need not use the word "retaliation" and essentially contends that Defendants seek unwarranted
specificity in his grievances.

As to specificity, Plaintiff relies on Griffin v. Arpaio, 557 F.3d 1117 (9th Cir. 2009), to
argue that his grievances sufficiently alerted the prison to the nature of his problem.  In Griffin,
the Ninth Circuit explained that "a prison's own grievance process, not the PLRA, determines
how detailed a grievance must be to satisfy the PLRA exhaustion requirement."  Id. at 1120.  The
Ninth Circuit also addressed "the standard of factual specificity required when a prison's
grievance procedures do not specify the requisite level of detail."  Id.  In so doing, the Ninth

Circuit held that "when a prison's grievance procedures are silent or incomplete as to factual specificity, 'a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.'" Id. (quoting Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002)).  Given this standard, the Court examines the individual grievances to determine if they sufficiently alert the prison to Plaintiff's claims of retaliation against the nurse defendants.

*Nurse Nacar*

With regard to Nurse Nacar, Plaintiff claims that he filed a grievance in November 2007 reporting that Nurse Nacar abused him by simulating falls and forcefully removing a catheter "after he complained that Nacar was subjecting him to urinary tract infection."  Opposition, p. 2. Plaintiff cites appeal 07-5519.  Exhibit E 23 to Request for Judicial Notice.  On review, this appeal does not mention that Plaintiff engaged in any protected conduct that was a substantial or motivating factor in Nurse Nacar's alleged actions.  See, e.g., Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009) (prisoners have First Amendment right to file prison grievances; retaliation for exercise of this right is a constitutional violation); Rhodes, 408 F.3d at 566 (same).  In short, this grievance does not indicate that Nurse Nacar simulated letting him fall or forcefully removed a catheter because he had filed other grievances, lodged any complaints or engaged in protected conduct.

*Nurse Van Natta*

Plaintiff asserts that in November 2007 he reported that, "as a result of complaints about his care*,"* Nurse Van Natta placed him in a painful and dangerous position and refused to carry out his care plan.  Opposition, p. 5.  Plaintiff cites appeals 07-5647 and 08-112.  Exhibits E 19 and E 21 to Request for Judicial Notice.  As with the grievance involving Nurse Nacar, these appeals do not include facts suggesting that Nurse Van Natta engaged in the alleged actions because of protected conduct by Plaintiff.

*Nurse Smith*

Plaintiff contends that in November 2007 he reported that, "as a result of complaints about his care," Nurse Smith pushed forcefully against his throat to move him.  Plaintiff cites appeal 07-5647.  Exhibit E 19 to Request for Judicial Notice.  This appeal does not claim that

1   any protected conduct was a substantial or motivating factor for Nurse Smith's alleged conduct.

2      *Nurse Vargas*

3      Plaintiff claims that in November 2007 he filed a grievance asserting that Nurse Vargas

4   threatened his life after he reported that she had engaged in some inappropriate behavior.

5   Plaintiff cites appeal 07-5649.  Exhibit E 17 to Request for Judicial Notice.  According to the

6   grievance, Plaintiff apparently complained about Vargas' behavior to his parents and she

7   allegedly responded that he would be in his grave by her.  However, there is no indication in the

8   grievance that Plaintiff had filed a grievance or lodged any type of formal complaint before

9   Nurse Vargas allegedly threatened him.  Plaintiff does not argue that Nurse Vargas threatened

10  him in order to prevent him from filing a grievance or other complaint.  Plaintiff also does not

11  allege that the alleged threat had a chilling effect on his engaging in protected activity.  Indeed,

12  he filed an appeal regarding the alleged threat.

13     To establish that Defendants were on notice of his retaliation claim, Plaintiff suggests that

14  Nurses Nacar, Van Natta, Smith and Vargas were retaliating against him after he complained

15  about being negligently allowed to fall on his head in early November 2007.  He explains that

16  following his complaint, the hospital staff began "widespread retaliation."  He argues that his

17  remaining grievances are "notice of the collusion" among the hospital staff to "unlawfully

18  punish" him for acting to protect his health and safety.  Opposition, p. 5.

19     While Plaintiff may have filed grievances against the nurse defendants after complaining

20  of a fall in early November 2007, the grievances provide no facts suggesting that his complaint

21  about the fall was a substantial or motivating factor for the nurse defendants' subsequent

22  conduct.  With the exception of Nurse Garza, the Court finds that none of the grievances cited by

23  Plaintiff mention retaliation or set forth facts that would alert a prison official to retaliatory

24  conduct for protected activity.

25                    **<u>Recommendation</u>**

26     Based on the above, the Court RECOMMENDS that Plaintiff's cause of action for

27  retaliation against Defendants Vargas, Nacar, Van Natta and Smith be DISMISSED for failure to

28  exhaust administrative remedies.

1    This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill,

2 United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and

3 Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of

4 California.  Within fourteen (14) days after being served with a copy, any party may file written

5 objections with the court and serve a copy on all parties.  Such a document should be captioned

6 "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections

7 shall be served and filed within fourteen (14) days after service of the objections.  The Court will

8 then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are

9 advised that failure to file objections within the specified time may waive the right to appeal the

10 District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11    IT IS SO ORDERED.

12    **Dated:**   **October 5, 2010**            **/s/ Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE